# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00300-MR-WCM

| | |
|---|---|
| DONALD C. KORNSE, JR., | ) |
| Plaintiff, | ) |
| vs. | ) **O R D E R** |
| ACETO LAW OFFICE, P.A., et al., et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court *sua sponte*.

**I.  BACKGROUND**

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against members of the Aceto Law Office, P.A.; officers at the Buncombe County Detention Facility; Sheriff Van Duncan of the Buncombe County Sheriff's Office; retired U.S. Magistrate Judge Dennis Lee Howell; officials at the Bureau of Prisons as well as "unknown Bureau of Prisons Subcontractors"; members of the United States Marshals Service; members of the United States Attorney's Office, Fiat Chrysler Automobiles, LLC; members of the Federal Public Defenders of Western North Carolina; Dan Fields, the owner Fields Auto Group; officers and employees of H.I.G. Capital,

LLC/Correctional Medical Group Companies Inc./Southeast Corrections; the Law Offices of Chris Mancini, P.A.; the North Carolina State Bureau of Investigation (NCSBI) and Alcohol Law Enforcement (ALE); the owners and employees of Skyland Automotive Inc.; agents of the Department of Homeland Security (DHS); and members of the local news media, alleging various violations of his civil rights arising from his arrest and subsequent prosecution and conviction for impersonating a federal officer. [See Doc. 1 at 50 (listing twenty alleged civil rights violations)]. The Plaintiff's Complaint is 59 pages in length and is accompanied by nearly 1,200 pages of letters, documents, and exhibits.

The criminal prosecution referenced in the Plaintiff's Complaint stems from a Bill of Indictment filed in this District in April 2016, charging the Plaintiff with impersonating a Department of Homeland Security officer, in violation of 18 U.S.C. § 912. [Criminal Case No. 1:16-cr-00041-MR ("CR"), Doc. 1]. In November 2016, the Plaintiff was found guilty of this charge by a jury. [CR Doc. 58]. On April 13, 2017, the Plaintiff was sentenced to a term of time served, followed by one year of supervised release. [CR Doc. 81]. The Plaintiff appealed [CR Doc. 83], and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on January 11, 2018. [CR Doc. 100].

The Plaintiff previously filed a civil action asserting nearly identical allegations and claims on April 11, 2019. On June 5, 2019, the Court dismissed the Plaintiff's claims under § 1983 and for defamation related to statements made about his arrest and conviction on the grounds that the Plaintiff is barred from asserting any claims that would necessarily imply the invalidity of his conviction unless and until he can show that his underlying conviction has been reversed, expunged, or otherwise invalidated. [Civil Case No. 1:19-cv-00123-MR-WCM, Doc. 5]. To the extent that the Plaintiff asserted any other claims for defamation or attempted to assert a claim for deliberate indifference, the Court found such claims to be conclusory and utterly devoid of factual support and therefore dismissed those claims without prejudice. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent

3

authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989). "Legally frivolous claims are based on an 'indisputedly meritless legal theory' and including 'claims of infringement of a legal interest which clearly does not exist.'" Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Claims are "factually frivolous" if "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## III. DISCUSSION

As noted, the Plaintiff previously filed a civil action asserting nearly identical allegations and claims. For the reasons stated in that prior Order [Civil Case No. 1:19-cv-00123-MR-WCM, Doc. 5], the Plaintiff's present claims also must be dismissed.

The Plaintiff's claims under § 1983 and for defamation related to statements made about his arrest and conviction must be dismissed on the grounds that the Plaintiff is barred from asserting any claims that would necessarily imply the invalidity of his conviction unless and until he can show

4

that his underlying conviction has been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Additionally, the Plaintiff asserts § 1983 claims against a number of private actors, including lawyers, members of the local media, and owners and employees of Skyland Automotive. In this regard, the Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted). Here, the Plaintiff has made no allegations that these private actors had sufficiently close relationships with state actors such that the Court could conclude that they were engaged in governmental action. Even if these Defendants were state actors (which they are not), the Plaintiff does not identify any conduct by these Defendants which could possibly be construed as a deprivation of the Plaintiff's constitutional rights.

For all these reasons, the Plaintiff has no basis to assert a § 1983 claim in this case against the private actor defendants.

Further, to the extent that the Plaintiff reasserts claims for deliberate indifference to his medical needs while he was incarcerated, such claims continue to be conclusory and devoid of factual support sufficient to state a claim, for the same reasons as explained in the Court's prior Order. [Civil Case No. 1:19-cv-00123-MR-WCM, Doc. 5].

This is the second civil action that the Plaintiff has filed asserting the same factual allegations and frivolous legal claims. Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to

the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: November 18, 2019

Martin Reidinger
United States District Judge